1

2

3

4

5               UNITED STATES DISTRICT COURT

6               EASTERN DISTRICT OF CALIFORNIA

7

8   **DARREN HOWERTON,**                    **CASE NO. 1:13-CV-1397 AWI SMS**

9            **Plaintiff**                  **ORDER RE: MOTION TO DISMISS**

10           **v.**

11  **EARTHGRAINS BAKING COMPANIES,**
    **INC., a Delaware corporation; SARA LEE**
12  **CORPORATION; GRUPO BIMBO,**
    **S.A.B. de C.V.,; CHUCK LINTHICUM;**
13  **KIMBERLY ZEPEDA; and DOES 1**
    **through 20 inclusive,**
14
15           **Defendants**

16                     **I. Background**[1]

17        Plaintiff Darren Howerton was an employee of a baking facility in Fresno, CA ("Fresno

18  Bakery") starting in 1987.  Plaintiff was a Receiving Clerk and his duties included accounting for

19  the flour received and used.  Defendants Chuck Linthicum and Kimberly Zepeda were plant

20  managers at the Fresno Bakery.  Plaintiff alleges that the equipment was using more flour than

21  expected; he alerted Defendant Linthicum in 2010 to the problem.  Plaintiff was suspended on

22  August 1, 2012 for losing inventory, namely flour.  He was fired on August 6, 2012 for

23  misappropriating inventory.  Plaintiff alleges that both Defendants and he himself informed

24  potential employers of this rationale for his firing as part of the explanation of his past work

25  history.  Plaintiff was a member of a union and his employment at the Fresno Bakery was

26  governed by a collective bargaining agreement ("CBA").  He was fired on August 6, 2012.  From

27

28  _____
    [1] This section is provided to explain the background of the case.  The facts contained are not adjudged to be true by the court.

what has been represented, this employment action satisfied all procedural requirements of the CBA. The Fresno Bakery was owned by Defendants Earthgrains Baking Companies, Inc. and Sara Lee Corporations in 2012. Defendant Grupo Bimbo S.A.B. de C.V. is the current owner of the Fresno Bakery. All Defendants, both corporations and individuals, share legal representation in this case.

Plaintiff originally filed suit against all Defendants in Superior Court, County of Fresno. The complaint includes six causes of action: defamation, violation of Cal. Labor Code § 1050, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Doc. 1, Complaint. Defendants removed the case to federal court on the basis of Labor Management Relations Act ("LMRA") preemption. Plaintiff made a motion to remand. Doc. 8. Magistrate Judge Sandra Snyder denied the motion. Doc. 16.

Meanwhile, Defendants made the present motion to dismiss for failure to state a claim. Doc. 5. Plaintiff opposes the motion. Doc. 9. This matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121. However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). The Court is not required "to

accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. The Ninth Circuit has distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad, 709 F.3d at 761. If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

//

//

3

**III. Discussion**

In deciding the parallel motion for remand, Judge Snyder determined that Plaintiff's claims are preempted by the LMRA; therefore, this court has subject matter jurisdiction over the case. Doc. 16, December 12, 2013 Order.  The present order deals with the motion to dismiss, which makes different arguments and makes no mention of LMRA preemption.  In key part, none of the documents, notably the applicable CBA, are included in the briefing on the motion to dismiss. The complaint makes no reference to the CBA nor has any argument regarding judicial notice been made.  This motion is brought under Fed. Rule Civ. Proc. 12(b)(6) and not 12(b)(1), so the court may not consider available evidence generally.  "We cannot affirm the dismissal on the basis of LMRA preemption pursuant to Rule 12(b)(6) because such dismissal was premised on matter outside of the pleadings, and was, therefore, inappropriate....a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided." Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 203 (2nd Cir. 2013).  Thus, the issues of preemption are put aside and not considered in this order.


**A. Defamation**

 "The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (Cal. 2007), citations omitted.  Claims of defamation are held to the general Fed. Rule Civ. Proc. 8 pleading standard rather than the heightened Fed. Rule Civ. Proc. 9 standard. Care Plus Ins. Mktg. v. Conn. Gen. Life Ins. Co., 2010 U.S. Dist. LEXIS 134892, *13-14 (E.D. Cal. 2010); Kennedy Funding, Inc. v. Chapman, 2010 U.S. Dist. LEXIS 116038, *15 (N.D. Cal. 2010).

The allegations in the complaint regarding defamation are

8. Defendants terminated plaintiff with the oral and written statement that plaintiff was terminated for 'misappropriating' and 'altering' ingredient inventory 'contrary to personal and business standards of ethical conduct.' Plaintiff is informed and believes and thereon alleges that this written termination statement was placed in plaintiff's personnel file with the knowledge that it would be repeated by plaintiff to potential employers as part of plaintiff's attempt to find new employment. These statement[s] were false in that plaintiff was following instructions and had not

4

misappropriated any ingredients. The statement that plaintiff had misappropriated ingredients and that he had violated standards of ethical conduct connoted that plaintiff had embezzled or stolen from his employer and was a statement that injured plaintiff's reputation and potential for employment.

9. Plaintiff has been required to republish these false and defamatory statements in that he has had to explain the grounds for his termination to potential employers.

10. Plaintiff is informed and believes and thereon alleges that defendants have told his potential employers that he was fired for acts amounting to embezzlement.

Doc. 1, Complaint, 4:1-15.  Defendants argue the defamation claim fails for a number of reasons: (1) Plaintiff does not describe the defamatory statement specifically enough, (2) the statement may be opinion, (3) there is no publication, (4) privilege applies, and (5) individuals not liable for personnel decisions. Doc. 5, Brief, 5:10-10:15.

**1. Publication**

The third of Defendants' objections is that there was no publication.  Plaintiff alleges publication to third parties both directly by Defendants and by Plaintiff through the doctrine of compelled self-publication.  To be clear, Plaintiff does not appear to claim defamation for statements made within Defendants' organization, between the existing employees and Plaintiff himself; the statements complained of involve publication to outside persons who were Plaintiff's potential employers.  Defendants are wrong when they assert that "The sole event at issue in the lawsuit is the act of notifying Plaintiff of the discharge decision." Doc. 10, Defendants Reply, 2:4.

The allegation that Defendants made statements directly is clear: "10. Plaintiff is informed and believes and thereon alleges that defendants have told his potential employers that he was fired for acts amounting to embezzlement." Doc. 1, Complaint, 14-15.  Defendants argue "Plaintiff is speculating. He does not describe the factual basis for his 'information and belief.'" Doc. 5, Brief, 8:7.  As a general matter, "Allegations made on information and belief, however, are acceptable under the federal pleading standards." Wells Fargo Bank, N.A. v. Leafs Hockey Club, Inc., 2014 U.S. Dist. LEXIS 33085, *12 (N.D. Ill. Mar. 14, 2014).  "The Twombly plausibility standard, however, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the belief is based on factual information that makes the inference of culpability

1  plausible." <u>Associated Indus. Ins. Co. v. Advanced Mgmt. Servs.</u>, 2013 U.S. Dist. LEXIS 37830,

2  *17 (S.D. Fla. Mar. 19, 2013), citations omitted.  Objections as to sufficiency of allegations based

3  on "information and belief" often speak more to the requirements of summary judgment (<u>Keith v.</u>

4  <u>Koerner</u>, 707 F.3d 1185, 1189 n.1 (10th Cir. 2013); <u>Harrison v. Culliver</u>, 2014 U.S. App. LEXIS

5  6093, *24 n.16 (11th Cir. Apr. 2, 2014)) and Fed. Rule Civ. Proc. 9 (<u>Uni*Quality, Inc. v.</u>

6  <u>Infotronx, Inc.</u>, 974 F.2d 918, 924 (7th Cir. 1992)) rather than Fed. Rule Civ. Proc. 8.

7          Plaintiff also alleges that he was compelled to explain his firing to potential employers.

8  Under California law, it is well settled that "where a derogatory statement is placed in a personnel

9  file, the employee must explain the statement to subsequent employers, who will surely learn of it

10  if they investigate his or her past employment." <u>Live Oak Publishing Co. v. Cohagan</u>, 234 Cal.

11  App. 3d 1277, 1285 (Cal. App. 3d Dist. 1991).  Plaintiff's allegations fall squarely within the

12  bounds of <u>Live Oak</u>.  Defendants argue that the compelled self-publication doctrine does not apply

13  when an employer has "a strictly enforced policy against giving out any information to prospective

14  employers about former employees except their dates of employment" and there is "no indication

15  that any [employer] representative ever discussed the incident outside [the employer]." <u>Davis v.</u>

16  <u>Consolidated Freightways</u>, 29 Cal. App. 4th 354, 373 (Cal. App. 4th Dist. 1994).  Neither of those

17  requirements appear to be met in this case at this stage; Defendants may try to establish them at

18  summary judgment.

19

20  **2. Nature of the Statement**

21          The first and second of Defendants' objections are that the statement is vague and could be

22  non-actionable opinion.  Plaintiff asserts that the allegedly defamatory statement was the claim

23  Plaintiff was "'misappropriating' and 'altering' ingredient inventory 'contrary to personal and

24  business standards of ethical conduct'" as communicated to Plaintiff's potential employers. Doc.

25  1, Complaint, 4:2-3.  "While the exact words or circumstances of the slander need not be alleged

26  to state a claim for defamation, the substance of the defamatory statement must be alleged."

27  <u>Silicon Knights v. Crystal Dynamics</u>, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997), citations omitted.

28  In this instance, the substance of the statement is fairly clear; Plaintiff need not provide the actual

1    statement verbatim.

2           Regarding the assertion that the statement is opinion and not fact, Defendants state that

3    "Ms. Zepeda's discharge notice of August 6, read in full, communicates EBC's opinion that

4    Plaintiff was *negligent* and made reporting errors (without disclosure or permission from

5    managers), causing EBC to account for a substantial inventory loss. No portion of the August 6

6    notice states or implies that Plaintiff 'had embezzled or stolen from his employer,' as alleged in

7    the Complaint." Doc. 5, Defendants Brief, 7:17-20, emphasis in the original.  The current motion

8    is a motion to dismiss; therefore, Plaintiff's assertions in the Complaint are assumed to be true.

9    "[C]ourts have held that statements included in a personnel file can be deemed libelous if an

10   employer falsely accuses an employee of criminal conduct, lack of integrity, dishonesty,

11   incompetence, or reprehensible personal characteristics or behavior." Smith v. Lowe's HIW, Inc.,

12   2014 U.S. Dist. LEXIS 52671, *10-11 (E.D. Cal. 2014).  Plaintiff's allegations constitute an

13   accusation of lack of integrity at the least.

14

15   **3. Privilege**

16           Libel only applies to unprivileged communications.

17           A privileged publication or broadcast is one made:...(c) In a communication,
         without malice, to a person interested therein, (1) by one who is also interested, or
18       (2) by one who stands in such a relation to the person interested as to afford a
         reasonable ground for supposing the motive for the communication to be innocent,
19       or (3) who is requested by the person interested to give the information. This
         subdivision applies to and includes a communication concerning the job
20       performance or qualifications of an applicant for employment, based upon credible
         evidence, made without malice, by a current or former employer of the applicant to,
21       and upon request of, one whom the employer reasonably believes is a prospective
         employer of the applicant. This subdivision authorizes a current or former
22       employer, or the employer's agent, to answer whether or not the employer would
         rehire a current or former employee.
23

24   Cal. Civ. Code § 47.  Section 47(c) privilege does apply to compelled self-publication. Alstad v.

25   Office Depot, 1995 U.S. Dist. LEXIS 21499, *23 (N.D. Cal. Feb. 8, 1995).  "The privilege,

26   however, is qualified, and does not apply if the allegedly defamatory statement was made with

27   malice, that is, it was motivated by hatred or ill will toward the plaintiff, *or* was made without a

28   good-faith belief in the truth of the statement. Chew v. Williams Lea, Inc., 2007 U.S. Dist. LEXIS

                                                    7

64800, *5-6 (N.D. Cal. Aug. 22, 2007), emphasis in original, citing Lundquist v. Reusser, 7

Cal.4th 1193, 1213 (Cal. 1994).  Defendants are required to have reasonable grounds for believing

in the truth of the statement. See Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1375

(Cal. App. 4th Dist. 2003) ("if a current or former employer's publication was based on mere

rumor, the privilege is lost because he or she lacked reasonable grounds for believing the truth of

the publication").

        As unprivileged communication is construed under California law to be an element of the

claim, Plaintiff must "sufficiently allege facts that would fall within an exception to that

privilege." Jackson v. Mills Corp., 2007 U.S. Dist. LEXIS 72215, *6 (N.D. Cal. Sept. 14, 2007).

"Mere allegations that the statements were made 'with malice' or with 'no reason to believe the

statements were true' are insufficient to rebut the presumption of privilege." Kacludis v. GTE

Sprint Commc'ns Corp., 806 F. Supp. 866, 872 (N.D. Cal. 1992), citations omitted.  In this case,

Plaintiff has specifically alleged that "In 2010, the plant manager Linthicum was told by plaintiff

that there was the additional usage by the plant and that he was accounting for that additional

usage by showing the usage in a computer account called '201-Usage.' Plaintiff told Linthicum

that he suspected that the machinery was using more flour than was being accounted for. Plaintiff

subsequently confirmed this suspicion by observing the process. Linthicum denied that there was a

problem and told plaintiff not to use the 201 account in order to account for the discrepancy." Doc.

1, Complaint, 2:28-3:6.  At this pleading stage, Plaintiff has alleged specific facts to support a

claim that Defendants did not have a good-faith belief in the truth of the statement.


**4. Individual Defendants**

        Defendants argue in general that California law has an "established public policy to

prevent employment claims, grounded in contract, from easily devolving into tort actions. The

gravamen of Plaintiff's action is wrongful discharge - i.e., EBC relied on inaccurate reasons and

lacked good cause to terminate him." Doc. 5, Defendants Brief, 10:2-5, citations omitted.  As a

consequence, Defendants assert the individual managers are not liable as their actions were

ordinary personnel decision.  Plaintiff argues "Defendants mischaracterize the allegations of the

1  Complaint as consisting of an attempt to hold the individual defendants liable for a 'personnel

2  decision.'  This mischaracterization ignores the allegations of the Complaint which state that the

3  individual defendants falsely accused Howerton of misappropriating inventory and engaging in

4  unethical behavior and created a writing that they knew Howerton would have to repeat to third

5  parties and that their intent was to hide their mismanagement and to prevent Howerton from

6  obtaining further employment." Doc. 9, Plaintiff Opposition, 12:21-26.  Defendants assert that

7  "The gravamen of Plaintiff's action is wrongful discharge - i.e., EBC relied on inaccurate reasons

8  and lacked good cause to terminate him. However, Plaintiff does not contest his discharge; he

9  knows EBC had good cause to terminate him." Doc. 5, Defendants Brief, 10:4-6.  Again,

10  Defendants mischaracterize the nature of this suit; Plaintiff's claims are based on the

11  communication to potential employers after his discharge, not the actual discharge itself.  As to

12  why Plaintiff has not contested his actual discharge, the court can only speculate that the CBA or

13  LMRA preemption might bar that suit.

14         In this case, Plaintiff has not alleged that either Defendant Linthicum or Defendant Zepeda

15  directly communicated with any potential employers.  Plaintiff has not alleged that any internal

16  communication constitutes publication for defamation purposes.  However, Plaintiff does allege

17  that his compelled self-publication was due to "a written statement issued by Zepeda and

18  authorized by Linthicum that plaintiff was terminated for 'misappropriating' and 'altering'

19  ingredient inventory 'contrary to personal and business standards of ethical conduct.' Plaintiff is

20  informed and believes and thereon alleges that this written termination statement was placed in

21  plaintiff's personnel file." Doc. 1, Complaint, 3:13-17.  Individuals (as distinct from the employer

22  corporation) may be liable under the compelled self-publication doctrine. See Umamoto v.

23  Insphere Ins. Solutions, Inc., 2013 U.S. Dist. LEXIS 68622, *13-16 (N.D. Cal. May 13, 2013).

24  Defendants' broader public policy arguments appear to be addressed under California law under

25  the provision for privileged communications.  As that issue has already been addressed, there is no

26  bar against stating a claim against Linthicum and Zepeda.

27  //

28  //

9

**B. California Labor Code § 1050**

"Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor." Cal. Labor Code § 1050.  "In addition to and apart from the criminal penalty provided any person or agent or officer thereof, who violates any provision of sections 1050 to 1052, inclusive, is liable to the party aggrieved, in a civil action, for treble damages. Such civil action may be brought by such aggrieved person or his assigns, or successors in interest, without first establishing any criminal liability under this article." Cal. Labor Code § 1054.

Defendants argue that "Labor Code section 1050 would apply only to misstatements to other potential employers, not to misstatements made internally by employees of the party to be charged." <u>Kelly v. General Telephone Co.</u>, 136 Cal. App. 3d 278, 289 (Cal. App. 2d Dist. 1982). As with the defamation claim, Plaintiff alleges he "is informed and believes and alleges thereon that defendants have told his potential employers that he was fired for acts amounting to embezzlement." Doc. 1 Complaint, 6:1-2.  Plaintiff has sufficiently alleged facts that state a claim.


**C. Individual Defendants**

Defendants do point out that "except where a statutory exception applies, an employee or former employee cannot sue other employees based on their conduct relating to personnel actions." <u>Sheppard v. Freeman</u>, 67 Cal. App. 4th 339, 342 (Cal. App. 4th Dist. 1998).  The same court pointed out that "interference with contract and prospective economic advantage" and "infliction of emotional distress" are not causes of action based in statute. <u>Sheppard v. Freeman</u>, 67 Cal. App. 4th 339, 342 n.1 (Cal. App. 4th Dist. 1998).  Thus, all of Plaintiff's claims against Defendants Linthicum and Zepeda based on these theories (the third through sixth causes of action) must be dismissed with prejudice.  Defamation and Cal. Labor Code §1050 are statutory causes of action.

**D. Intentional Infliction of Emotional Distress**

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 209 P.3d 963, 976 (Cal. 2009), citations omitted. "To be outrageous, the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Garamendi v. Golden Eagle Ins. Co., 128 Cal. App. 4th 452, 480 (Cal. App. 1st Dist. 2005), citations omitted.

Plaintiff alleges that "defendants fabricated evidence against plaintiff and defamed him pursuant to a plan to cover up problems with the Fresno Bakery from being discovered." Doc. 1, Complaint, 6:27-7:2. Such actions (if true) are deplorable, but do not rise to a sufficient level of outrageousness. See Brunelle v. Compucom Sys., 2008 U.S. Dist. LEXIS 9520, *14 (S.D. Cal. 2008) ("allegation that defendant falsely informed Manpower of plaintiff's time theft, resulting in the termination of plaintiff's employment at Pfizer's La Jolla campus, does not satisfy the legal standard for outrageous conduct"). This claim is dismissed without prejudice.

**E. Negligent Infliction of Emotional Distress**

"The negligent causing of emotional distress is not an independent tort but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply." Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 588 (Cal. 1989), citations omitted. Plaintiff alleges "defendants' knew or should have known that their conduct was likely to cause emotional distress to plaintiff." Doc. 1, Complaint, 8:8-9. Such allegations are insufficient to state a claim for negligence as similar cases in the employment context did not give rise to a duty: "Plaintiff alleges only that defendants had a duty to refrain from 'conducting themselves with respect to plaintiff' because of the foreseeability of risk of harm to plaintiff's emotional health. It is clear, however, that there was no duty not to discharge defendants and that any actions by the employer were intentional, not negligent. 'An employer's supervisory conduct

1   is inherently "intentional."' (Cole v. Fair Oaks Fire Protection Dist., [43 Cal.3d 148, 160 (Cal.

2   1987)]) The conduct alleged here does not support a cause of action for negligent infliction of

3   emotional distress." Semore v. Pool, 217 Cal. App. 3d 1087, 1105 (Cal. App. 4th Dist. 1990).  The

4   claim is dismissed without prejudice.

5

6   **F. Intentional Interference with Prospective Economic Advantage**

7          "In order to prove a claim for intentional interference with prospective economic

8   advantage, a plaintiff has the burden of proving five elements: (1) an economic relationship

9   between the plaintiff and a third party, with the probability of future economic benefit to the

10  plaintiff; (2) the defendant's knowledge of the relationship; (3) an intentional act by the defendant,

11  designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic

12  harm to the plaintiff proximately caused by the defendant's wrongful act, including an intentional

13  act by the defendant that is designed to disrupt the relationship between the plaintiff and a third

14  party." Edwards v. Arthur Andersen LLP, 44 Cal. 4th 937, 944 (Cal. 2008).  Further, the

15  intentional act must be "conduct that was wrongful by some legal measure other than the fact of

16  interference itself." Della Penna v. Toyota Motor Sales, U.S.A., 11 Cal. 4th 376, 393 (Cal. 1995).

17  In this case, the allegation of defamation satisfies the wrongful by some legal measure

18  requirement.

19         However, Plaintiff has not sufficiently plead the presence of an existing economic

20  relationship between himself and a third party, the first prong.  Plaintiff only states "he has had to

21  explain the grounds for his termination to potential employers…plaintiff has been unable to find

22  work and his ability to find work has been made more difficult….As a proximate result of

23  defendants' conduct, plaintiff as suffered pecuniary damages in losing employment with possible

24  employers because of such reputation." Doc. 1, Complaint, 8-28 and 9:11-16.  An intentional

25  interference with prospective economic advantage claim can be made in the context of an

26  employer making a false statement to a potential employer, but a plaintiff must plead the existence

27  of an affirmative economic relationship. See Gardner v. Shasta County, 2007 U.S. Dist. LEXIS

28  81047, *3-4 and *17-19 (E.D. Cal. 2007) (the plaintiff alleged the existence of contracts that were

disrupted).  In contrast, when a plaintiff only pleads generally that his/her job search was impeded, that is insufficient to establish "an existing economic relationship between the plaintiff and a third party." Logan v. VSI Meter Servs., 2011 U.S. Dist. LEXIS 75544 *1-2 and *8 (S.D. Cal. 2011) (the plaintiff only alleged generally that "Since his termination, plaintiff has not been successful in finding new employment which he contends is a result of defendant's interference with his job search. Specifically, plaintiff alleges, on information and belief, that VSI provided malicious and slanderous information related to his work performance and false information related to the reason for his termination").  This claim is dismissed without prejudice.

**G. Negligent Interference with Prospective Economic Advantage**

"The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764, 786 (Cal. App. 2d Dist. 1997). Again, Plaintiff has not identified an existing economic relationship between himself and a third party.  Further, with this specific tort, "Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member." Jobscience, Inc. v. CVPartners, Inc., 2014 U.S. Dist. LEXIS 2741, *10 (N.D. Cal. 2014).  As with negligent infliction of emotional distress, Plaintiff fails to identify a duty of care. This claim is dismissed without prejudice.

//

//

# IV. Order

Defendants' motion to dismiss is GRANTED in part and DENIED in part.

Plaintiff has stated a claim for defamation against all Defendants.

Plaintiff has stated a claim for violation of California Labor Code § 1050 against all Defendants.

Plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantages against Defendants Linthicum and Zepeda are dismissed with prejudice.

Plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantages against Defendants Earthgrains, Sara Lee, and Grupo Bimbo are dismissed without prejudice.

Plaintiff may file an amended complaint within thirty (30) days of the filing of this order. Should Plaintiff fail to file an amended complaint within that time frame, Defendants are directed to file a responsive pleading within sixty (60) days of the filing of this order.

IT IS SO ORDERED.

Dated:   June 17, 2014   

_____

SENIOR  DISTRICT  JUDGE