**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DARREN HOWERTON,**<br><br>**Plaintiff**<br><br>v.<br><br>**EARTHGRAINS BAKING COMPANIES INC., a Delaware corporation; SARA LEE CORPORATION; GRUPO BIMBO, S.A.B de C.V.; CHUCK LINTHICUM; KIMBERLY ZEPEDA; and DOES 1 through 20 inclusive,**<br><br>**Defendants** | **CASE NO. 1:13-CV-01397 AWI SMS**<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR REMAND AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Docs. 8 and 20)** |

## I. BACKGROUND

Plaintiff Darren Howerton was an employee of a baking facility in Fresno, CA ("Fresno Bakery") starting in 1987. Plaintiff was a Receiving Clerk and his duties included accounting for the flour received and used. Defendants Chuck Linthicum and Kimberly Zepeda were plant managers at the Fresno Bakery. Plaintiff alleges that the equipment was using more flour than expected; he alerted Defendant Linthicum in 2010 to the problem. Plaintiff was suspended on August 1, 2012 for losing inventory, namely flour. He was fired on August 6, 2012 for misappropriating inventory. Plaintiff alleges that both Defendants and he himself informed potential employers of this rationale for his firing as part of the explanation of his past work history. Plaintiff was a member of a union and his employment at the Fresno Bakery was governed

by a collective bargaining agreement ("CBA"). He was fired on August 6, 2012. The Fresno Bakery was owned by Defendants Earthgrains Baking Companies, Inc. and Sara Lee Corporations in 2012. Defendant Grupo Bimbo S.A.B. de C.V. is the current owner of the Fresno Bakery. All Defendants, both corporations and individuals, share legal representation in this case.

Plaintiff originally filed suit against all Defendants in Superior Court, County of Fresno. The complaint includes six causes of action: defamation, violation of Cal. Labor Code § 1050, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Doc. 1, Complaint. Defendants removed the case to federal court on the basis of Labor Management Relations Act ("LMRA") preemption. Plaintiff made a motion to remand. Doc. 8. Magistrate Judge Sandra Snyder denied the motion. Doc. 16. Plaintiff's motion for remand is revisited in light of new Ninth Circuit precedent.

On September 6, 2013, Defendants filed a motion to dismiss all of Plaintiff's claims for failure to state a claim. Doc. 5. This court granted Defendants' motion in part and denied it in part holding that the Plaintiff had stated a claim for defamation and for violation of California Labor Code § 1050 against all defendants. All other claims were dismissed. Doc. 5 at 14.

On September 29, 2014, Defendants filed this current motion seeking judgment on the pleadings. Doc 20. The Defendants seek to dismiss Plaintiff's claims for defamation and for violation of Cal. Labor Code 1050 §§ and 1054 on the theory that those claims are completely preempted by the LMRA.

## II. LEGAL STANDARD

**A. Motion on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also Grajales v. Puerto Rico Ports Auth.*,

682 F.3d 40, 44 (1st Cir. 2012).  Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.  *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999).  The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false.  *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.  *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005); *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).  "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."  *Hal Roach Studios*, 896 F.2d at 1550.  Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  *See Pacific W. Grp. v. Real Time Solutions*, 321 Fed. Appx. 566, 569 (9t h Cir. 2008); *Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004); *Carmen v. San Francisco Unified School Dist.*, 982 F.Supp. 1396, 1401 (N.D. Cal. 1997).  The court need not grant leave to amend when doing so would be futile and the deficiencies in the complaint could not be cured by amendment. *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006);*Gomez v. Winslow*, 177 F.Supp.2d 977, 981 (C.D. Cal. 2001).  Further, "[a]lthough Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action."  *Carmen*, 982 F.Supp. at 1401; *see also Hewett v. Willingboro Bd. of Educ.*, 421 F.Supp.2d 814, 816 (D.N.J. 2006); *Schiappa v. Brookhaven Sci. Assocs.*, LLC, 403 F.Supp.2d 230, 234 (E.D.N.Y. 2005); *McLaughlin Transp. Sys. v. Rubinstein*, 390 F.Supp.2d 50, 57 (D. Mass. 2005); *Marrero v. Modern Maint. Bldg. Servs.*, 318 F.Supp.2d 721, 723 (E.D. Wis. 2004); *Roper v. Exxon Corp.*, 27 F. Supp.2d 679, 685 (E.D. La. 1998).

**B. Motion for Remand**

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. See 28 U.S.C. §1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008). Under the well-pleaded complaint rule, federal jurisdiction exists only if a federal question is presented on the complaint's face and "a party's interjection of a federal defense ordinarily will not suffice to remove a case. Nevertheless, the 'complete preemption doctrine' carves an exception to this rule. 'Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.' In those instances, a claim that seemingly rests solely on state law may nonetheless be removable. Controversies involving collective-bargaining agreements constitute one such area." *Galvez v. Kuhn*, 933 F.2d 773, 775-776 (9th Cir. 1991), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). Preemption applies if the state claims require the court to interpret the collective bargaining agreement or if the state claims are "substantially dependent upon the analysis of the terms of an agreement made between the parties in a labor contract." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988). As a result, even tort claims such as those advanced by Plaintiff are governed by federal law if their evaluation is "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

### III. DISCUSSION

**A. Judicial Notice and Incorporation by Reference**

Facts subject to judicial notice are those which are either "(1) generally known within the

4

1 trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources
2 whose accuracy cannot reasonably be questioned." *Fed.R.Evid. 201(b)*. The party requesting
3 judicial notice should also supply the court with the source material needed to determine whether
4 the request is justified. *In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781-82*
5 *(Bkrtcy.E.D.Cal.1992)* ("the Court will not rummage through the Court files and take notice of
6 those documents requested absent those documents being supplied to the Court"). A court may not
7 take judicial notice of a matter that is in dispute. *Lee v. City of Los Angeles, 250 F.3d 668, 690*
8 *(9th Cir.2001)*. "The party requesting judicial notice bears the burden of persuading the court that
9 the particular fact is not reasonably subject to dispute." *Newman v. San Joaquin Delta Cmty. Coll.*
10 *Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011). While federal courts may notice judicial records, the
11 content of such records are not established facts that can be judicially noticed. *Id.* "[A] court may
12 consider a writing referenced in a complaint but not explicitly incorporated therein if the
13 complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476
14 F.3d 756, 763 (9th Cir. 2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even
15 if a document is not attached to a complaint, it may be incorporated by reference into a complaint
16 if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's
17 claim."). Defendants seek judicial notice or consideration of several items. Doc. 21. Each item
18 requested by the Defendants is listed and addressed below.

**1. Declaration of Kimberly Zepeda and attached exhibits, Docket No. 12-1**

21      The key document is the text of the CBA in question. Doc. 1 at 36; Doc. 12-2; Doc. 12-3;
22 Doc. 12-4. Plaintiff objects to judicial notice of the CBA on the basis that it is not a "document[]
23 whose authenticity is not questioned." Doc. 22 at 3:15.  However, the court notes that Plaintiff
24 himself cited to extensively to the text of the CBA as part of his reply brief in support of his
25 motion for remand. See Doc. 13 at 2-8. Judge Snyder relied upon both parties' representations
26 regarding the CBA in making her ruling on the motion for remand. See Doc. 16.  In this
27 circumstance, the court finds that Plaintiff is estopped from disputing the CBA's authenticity.  The
28 court will consider the CBA in ruling on this motion.

**2. Plaintiff's Reply Memorandum re Motion for Remand, Docket No. 13**

The court takes judicial notice of the existence of this document but not the facts alleged therein.

**3. Order Denying Motion For Remand, Docket No. 16**

The court takes judicial notice of the existence of this document but the facts contained therein are not noticeable.

**4. Order Granting Motion to Dismiss, Docket No. 17**

The court takes judicial notice of the existence of this document but the facts contained therein are not noticeable.

**B. Plaintiff's Defamation Claim**

**1. Law of the Case Doctrine**

Defendants assert that the law of the case doctrine applies to Magistrate Judge Snyder's order in denying the Plaintiff's motion for remand. In that order, Judge Snyder found that the LMRA completely preempted Plaintiff's claim for defamation. Doc. 16 at 16. As such, Defendants argue that it is now law of the case that the LMRA preempts Plaintiff's defamation claim.

The Ninth Circuit has recently issued an opinion that states "Because a 28 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case, we hold that a motion to remand is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that a remand order cannot be issued by a magistrate judge." *Flam v. Flam*, 2015 U.S. App. LEXIS 9502, *8 (9th Cir. 2015). An independent analysis of LMRA preemption and remand follows.

**2. LMRA Preemption of Plaintiff's Defamation Claim**

Plaintiff asserts in the complaint that since the Defendants placed his reason for

1 termination in his personnel file he has been compelled to self-republish the statements to
2 perspective employers. Generally speaking, "where the person defamed voluntarily discloses the
3 contents of a libelous communication to others, the originator of the libel is not responsible for the
4 resulting damage." *McKinney v. Cnty. of Santa Clara*, 110 Cal. App. 3d 787, 796, 168 Cal. Rptr.
5 89 (Ct. App. 1980). But there is an exception "where the originator of the defamatory statement
6 has reason to believe that the person defamed will be under a strong compulsion to disclose the
7 contents of the defamatory statement. *McKinney*, 110 Cal. App. 3d 787 at 796. One instance where
8 this was held to be the case is "where a derogatory statement is placed in a personnel file, the
9 employee must explain the statement to subsequent employers, who will surely learn of it if they
10 investigate his or her past employment." *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277,
11 1285, 286 Cal. Rptr. 198, 202 (Ct. App. 1991). There must be actual republication under this
12 doctrine not just the mere probability of republication. *Rangel v. Am. Med. Response W.*, 2013 WL
13 1785907, at *17 (E.D. Cal. Apr. 25, 2013). Here, the Plaintiff has alleged that he has been actually
14 forced to republish these statements by explaining the grounds for his termination to prospective
15 employers. Doc. 1 at 4. This court has already found that the Plaintiff states a claim for
16 defamation. Doc. 17.
17     Whether or not a state law claim will be preempted by the LMRA depends on the factual
18 circumstances of the claim and the content of the CBA. The LMRA has an extraordinary
19 preemptive force in the realm of labor disputes. A state law claim is preempted by the LMRA if it
20 either (1) asserts rights deriving from the collective bargaining agreement; or (2) requires
21 interpretation of the agreement's terms. *Tellez v. Pac. Gas & Elec. Co.*, 817 F.2d 536, 538-39 (9th
22 Cir. 1987); *Jackson v. S. California Gas Co.*, 881 F.2d 638, 645 (9th Cir. 1989). However, causes
23 of action that only "tangentially involv[e] a provision of a collective-bargaining agreement" are
24 not preempted by section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S. Ct. 1904,
25 1911, 85 L. Ed. 2d 206 (1985); *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007).
26 The Ninth Circuit has stated that "California's defamation law establishes nonnegotiable rights and
27 obligations independent of any labor contract" allowing one to sue regardless of employment
28 status or union membership. *Tellez*, 817 F.2d 536 at 538. In the LMRA context, defamation will

only be preempted in a narrow set of circumstances where the statement(s) giving rise to the defamation claim were made pursuant to a requirement of the disciplinary procedures in the CBA or were "inextricably intertwined with the CBA's grievance machinery thereby requiring an interpretation of the agreement." Compare *Tellez*, 817 F.2d 536 at 538-39 (9th Cir. 1987) (holding plaintiff's defamation claim not preempted since the CBA neither requires management to send written notice of suspension nor provides guidelines in the event such notice is sent), with *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989) (defamation claim preempted where alleged statements were contained in notices of intent to discipline and notice of discharge required by the CBA). Further, there is no preemption when a "court may be required to read and apply these provisions...but no interpretation of the provisions would be necessary." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1109-10 (9th Cir. 2000).

In *Tellez*, an employee of PG & E and member of the Local No. 1245 of the International Brotherhood Electrical Workers was suspended from his job after another employee accused him of purchasing cocaine during work. *Tellez*, 817 F.2d 536 at 537. Tellez's superior then sent Tellez and eleven other managers a letter that stated he was suspended without pay for ten days because he was observed "purchas[ing] cocaine from another employee." *Tellez*, 817 F.2d 536 at 537. Tellez then sued PG & E alleging intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation. *Tellez*, 817 F.2d 536 at 537.

The Ninth Circuit noted that the collective bargaining agreement between the union and PG & E forbids discipline without "just cause" and establishes "grievance procedures for resolving employer-employee disputes." *Tellez,* 817 F.2d 536 at 536. The Court, holding that Tellez's claim for defamation was not preempted by section 301, went on to state that "PG & E cannot plausibly maintain that Tellez's claim implicates the collective bargaining agreement. The agreement simply does not govern Bain's allegedly defamatory conduct. It neither requires management to send written notice of suspension nor provides guidelines in the event such notice is sent." *Tellez*, 817 F.2d 536 at 538. The court held that examination of the collective bargaining agreement would not help resolve Tellez's claim because "the present agreement is silent on work conditions, and vague on disciplinary formalities. It neither requires nor regulates suspension

8

letters." *Tellez*, 817 F.2d 536 at 539.

In *Shane*, appellants were discharged from their positions as Greyhound maintenance workers following a long strike in which appellants played a critical role. *Shane,* 868 F.2d 1057 at 1059. Appellants brought suit on a number of theories including a state law claim for defamation. The Court found that the appellants claim was preempted by section 301. *Shane,* 868 F.2d 1057 at 1063. While the Court stated that the appellants' brief was lacking facts regarding the defamation claim they said it "appears to rest on the Notices of Intent to Discipline, which, along with the discharge notices, are the only documents in the record containing the allegations of wrongdoing." *Shane,* 868 F.2d 1057 at 1063. The Court distinguished this case from *Tellez* because, unlike *Tellez*, the CBA in *Shane*[1] "requires employers to notify employees of intended disciplinary action *in writing*, and simultaneously to notify their Union. Any claim based on the discharge notification is, therefore, 'inextricably intertwined' with the CBA." *Shane,* 868 F.2d 1057 at 1063 (emphasis added).  Courts have warned that *Shane* has a "narrow ambit." *Huitron v. U.S. Foods, Inc.*, 2015 U.S. Dist. LEXIS 43988, *25 (C.D. Cal. Mar. 31, 2015).

This case shares factual elements with both *Shane* and *Tellez*.  The Ninth Circuit has yet to decide a case where the CBA specifically requires notification prior to disciplinary action but lacks specificity as to how that should be done. While the decision is close, *Shane* controls the present case. Here, the relevant language of the CBA in section 3 states: "Employees may be discharged for cause, but in the case of dismissal, reason shall be given therefore by the Company to the employee at the time of such dismissal and also to the Union within twenty-four (24) hours after such dismissal." Doc. 12-2 at 2.  Plaintiff argues that the notice required by the CBA is not the basis for the defamation claim but rather the act of putting that information in writing: "there is no CBA provision requiring that the alleged defamatory writing be created Defendants have

---

[1] The full provision of the agreement in *Shane* reads: "An employee will not be disciplined or discharged, nor will entries be made against his record without sufficient cause, and in each case where disciplinary action is taken he will be given a complete written statement of the precise charges against him and the disciplinary action to be taken. Such written statement will be furnished to the employee ... prior to the commencement of such discipline. Notification thereof shall be furnished to the local division of the Union simultaneously therewith." *Shane v. Greyhound Lines, Inc.,* 868 F.2d 1057, 1063 (9th Cir. 1989). Note the provision explicitly provides the format (written) and the content ("the precise charges against him and the disciplinary action to be taken") to be included in the notification.

1  (obviously) not cited any language in the CBA which required the preparation of any writing. The
2  CBA actually says nothing in paragraph 3 or 23 about sending any letter to the employee or the
3  union." Doc. 22 at 10:19-22. *Tellez* does warns that a CBA that is "vague on disciplinary
4  formalities" does not give rise to LMRA preemption as it does not require interpretation to resolve
5  a defamation claim. *Tellez*, 817 F.2d 563 at 539. However, in this case, the link between the notice
6  of discharge explicitly required by the CBA and the defamation is appreciably clearer. *Shane*
7  holds that preemption applies "where the allegedly defamatory statements were contained in
8  disciplinary and discharge notices that were required under the terms of the collective bargaining
9  agreement." *Miller v. Strong*, 2012 U.S. Dist. LEXIS 93483, *5-6 (D. Nev. July 5, 2012). Plaintiff
10 appears to object only as to the form of notice (oral vs. written) and does not dispute that the
11 source of the allegedly defamatory statement was the CBA required notice itself. Resolving this
12 dispute requires interpreting the text of the CBA to determine what form the notice was to take.  In
13 this case, Plaintiff's defamation claim is preempted by the LMRA and must be dismissed. Federal
14 jurisdiction is established and remand is denied.

**C. Plaintiff's Cal. Labor Code § 1050 Claim**

"Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor." Cal. Labor Code § 1050. "In addition to and apart from the criminal penalty provided any person or agent or officer thereof, who violates any provision of sections 1050 to 1052, inclusive, is liable to the party aggrieved, in a civil action, for treble damages. Such civil action may be brought by such aggrieved person or his assigns, or successors in interest, without first establishing any criminal liability under this article." Cal. Labor Code § 1054. Defendants argue that the law of the case doctrine preempts Plaintiff's claim under § 1050 as well. Plaintiff makes no separate argument as to why preemption should not apply to this claim. Again, the "misrepresentation" at issue appears to be the notice required by the CBA. Thus, the Cal. Labor Code § 1050 claim is also preempted by the LMRA and must be dismissed. Federal

jurisdiction is established and remand is denied.

### IV. ORDER

1. Plaintiff's motion for remand is DENIED.

2. Defendants' motion for judgment on the pleadings as to Plaintiff's defamation claim is GRANTED.

3. Defendants' motion for judgment on the pleadings as to Plaintiff's California Labor Code § 1050 claim is GRANTED.

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 10, 2015                                         _____
                                                                                        SENIOR DISTRICT JUDGE